IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAY ANTHONY MILES,

    **Plaintiff,**

v.                                         CASE NO. 18-3258-SAC

**STATE OF KANSAS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Ray Anthony Miles is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this case should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

### I. Nature of the Matter before the Court

Plaintiff alleges that the City of Topeka had its attorney filed a non-wage garnishment against Plaintiff's inmate banking account for an old fine. Plaintiff alleges that the state failed to render him a judgment and the city's garnishment is unlawful. Plaintiff names the State of Kansas and the City of Topeka as defendants, alleges a violation of his due process and equal protection rights, and seeks "all of [his] money that was taken, and money for [his] time filing suit and mental pain and suffering." (Doc. 1, at 5.)

### II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be

1

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d

1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

#### *1. Eleventh Amendment Immunity*

Plaintiff names the State of Kansas as a defendant. The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). Therefore, in the absence of some consent, a suit in which an

agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Plaintiff is directed to show cause why the State of Kansas should not be dismissed.

### *2. Due Process*

Even assuming Plaintiff has a property interest in his prison account,[1] deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees."). Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property). Plaintiff has failed to allege any facts regarding an alleged deprivation of property, or that an adequate post-deprivation remedy was unavailable. Because an adequate, state post-deprivation remedy exists, Plaintiff must show cause why his claim should not be dismissed for failure to state a claim.

### III. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[2]

---

[1] *See Leek v. Miller*, 698 F. App'x 922, 928–29 (10th Cir. June 7, 2017) (unpublished) (finding that the law in this circuit is not clearly established as to whether a prisoner has a protected property interest in his prison account).

[2] In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original

Plaintiff is given time to file a complete and proper amended complaint in which he (1) shows he has exhausted administrative remedies for all claims alleged; (2) raises only properly joined claims and defendants; (3) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (4) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **May 31, 2019,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **May 31, 2019**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 1st day of May, 2019.**

> **s/ Sam A. Crow**
> **Sam A. Crow**
> **U.S. Senior District Judge**

---

complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (18-3258-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.