IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAY ANTHONY MILES,

    **Plaintiff,**

    v.                                        CASE NO. 18-3258-SAC

**STATE OF KANSAS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. On May 1, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC") granting Plaintiff until May 31, 2019, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court also granted Plaintiff until May 31, 2019, in which to file a complete and proper amended complaint to cure all the deficiencies. The Court granted Plaintiff's request for an extension of time and extended the deadline to respond to the MOSC to June 17, 2019. (Doc. 8.) Plaintiff has failed to respond to the MOSC by the deadline.

Plaintiff alleges in his Complaint that the City of Topeka had its attorney file a non-wage garnishment against Plaintiff's inmate banking account for an old fine. Plaintiff alleges that the state failed to render him a judgment and the city's garnishment is unlawful. Plaintiff names the State of Kansas and the City of Topeka as defendants, alleges a violation of his due process and equal protection rights, and seeks "all of [his] money that was taken, and money for [his] time filing suit and mental pain and suffering." (Doc. 1, at 5.)

In the MOSC, the Court found that: the State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment; and even assuming

Plaintiff has a property interest in his prison account,[1] deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees."). Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property). Plaintiff has failed to allege any facts regarding an alleged deprivation of property, or that an adequate post-deprivation remedy was unavailable. Because an adequate, state post-deprivation remedy exists, this case is dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this case is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 21st day of June, 2019.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**

---

[1] *See Leek v. Miller*, 698 F. App'x 922, 928–29 (10th Cir. June 7, 2017) (unpublished) (finding that the law in this circuit is not clearly established as to whether a prisoner has a protected property interest in his prison account).